IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                                     No. 2:21-cr-1045 RB

CHRISTOPHER HAROLD BRYANT,

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Christopher Harold Bryant's Motion to Amend/Correct PSR. (Doc. 52.) Bryant asks the Court to remove a paragraph from his final Presentence Investigation Report (PSR) describing an unprosecuted sexual-assault allegation. He asserts that the Bureau of Prisons (BOP) is relying on that information to classify him and to restrict his access to programs and employment. The United States responds that the Court lacks jurisdiction to amend a PSR after sentencing and that any concerns about BOP classification must be addressed through the administrative process. Having reviewed the motion, the parties' submissions, and the relevant law, the Court concludes that no rule or statute authorizes the post-judgment relief Bryant seeks and will therefore **DISMISS** the motion for lack of jurisdiction.

## I.       Background

On October 15, 2020, the United States filed a three-count Criminal Complaint charging Bryant with: (1) possession of a firearm or ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); (2) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c); and (3) possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). (Doc. 1 at 1.) The charged conduct occurred on or about August 11, 2020, in Doña Ana County. (*Id.*)

On January 12, 2021, Bryant notified the Court of his intent to plead guilty. (Doc. 18.) The United States Probation Office (USPO) filed a PSR on June 11, 2021. (Doc. 21.)

On July 21, 2021, a grand jury returned a four-count Indictment. (*See* Docs. 26–27.) Count 1 charged Bryant with possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. (Doc. 26 at 1.) Count 2 charged Bryant with using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id.* at 1–2.) Counts 3 and 4 charged Bryant with felon-in-possession offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (*Id.* at 2.)

On July 30, 2021, Bryant was arraigned and entered a plea of not guilty. (*See* Doc. 29.) On August 31, 2021, Bryant filed another notice of intent to plead guilty. (Doc. 32.) On September 21, 2021, Bryant entered into a plea agreement and pleaded guilty to Counts 1, 3, and 4 of the Indictment, with Count 2 to be dismissed at the time of sentencing. (*See* Docs. 38–39.)

On November 19, 2021, the USPO filed the final PSR. (Doc. 42.) Bryant filed neither written objections to the PSR nor a motion to amend the PSR.

On May 4, 2022, the United States moved to dismiss Count 2 of the Indictment. (Doc. 47.) That same day, the Court conducted the sentencing hearing. (Doc. 48.) On May 5, 2022, the Court entered Judgment, sentencing Bryant to 120 months' imprisonment on each of Counts 1, 3, and 4, to run concurrently, followed by three years of supervised release. (*See* Doc. 49.) The Court also entered an order dismissing Count 2. (Doc. 50.)

More than three years later, on December 9, 2025, Bryant filed a pro se motion requesting that the Court amend the PSR to remove a paragraph describing an unprosecuted sexual-assault allegation. (Doc. 52.) Bryant asserts the BOP has relied on that paragraph in making classification

and program-eligibility decisions. (*See id.* at 1–2.) The United States filed its response on December 30, 2025. (Doc. 55.)

## II.    Legal Standard

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Once a district court imposes sentence, its authority to revisit sentencing-related matters becomes "very limited." *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994) (citations omitted). A court may modify or correct a presentence report after sentencing only if a statute or rule expressly grants jurisdiction to do so. *See id.* (citation omitted); *see also United States v. Fykes*, 733 F. App'x 950, 952–53 (10th Cir. 2018).

## III.    Discussion

The Court may only act pursuant to some source of jurisdiction. Because no rule or statute authorizes the post-judgment relief Bryant seeks, the Court lacks jurisdiction to amend the PSR after sentencing. Bryant argues that the BOP is relying on a paragraph in the PSR to improperly classify him and to restrict his access to programs and employment. (*See* Doc. 52.) The paragraph recounts an unprosecuted 2012 sexual-assault allegation involving a former intimate partner. (*See* Doc. 42 ¶ 78.)

The United States argues that the Court lacks jurisdiction to amend the PSR post-sentencing and that Bryant's concerns must be addressed through the Bureau of Prisons' administrative process. Bryant's motion identifies no authority that would permit the court to grant the requested relief, and the Court is also unable to identify any.

In light of the issue raised, the Court considers four potential sources of authority that might allow amendment of a PSR after sentencing—Federal Rules of Criminal Procedure 32, 35, and 36,

and 28 U.S.C. § 2255—and concludes that none provides a basis for the Court to amend the PSR in this posture.

> ### A.    Rule 32

Rule 32 does not provide the Court with jurisdiction to amend a Presentence Investigation Report after sentencing. Rule 32 establishes the procedures for parties to challenge and amend a PSR. Rule 32(f) allows the parties to object to a PSR within 14 days of receipt, and Rule 32(i)(3) requires the court to rule on any such objection. *See* Fed. R. Crim. P. 32(f), (i)(3). The Tenth Circuit has held that Rule 32 governs only pre-sentencing objections and cannot be used to reopen a PSR once judgment has been entered. Simply put, the rule's mechanisms operate before sentence is imposed. Once sentencing has occurred, Rule 32 "standing alone, cannot provide a district court with jurisdiction to hear challenges to a presentence report . . . ." *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994) (citing *United States v. Engs*, 884 F.2d 894, 896 (5th Cir. 1989)) (subsequent citations omitted). The Tenth Circuit reaffirmed this principle in *United States v. Fykes*, explaining that a post-sentencing motion to amend a PSR must be dismissed because Rule 32 does not authorize district courts to modify a PSR after judgment. *See* 733 F. App'x 950, 952–53 (10th Cir. 2018).

Despite Bryant's argument regarding the BOP's reliance on a paragraph describing an unprosecuted allegation to classify him and to restrict his access to programs and employment, Rule 32 does not provide a mechanism to revisit factual content in a PSR years after sentencing. This is true even where a defendant alleges adverse collateral consequences. The Tenth Circuit has made clear that Rule 32's procedures must be invoked "*prior to* the imposition of sentence . . . ." *Warner*, 23 F.3d at 290 (citations omitted). The record reflects that Bryant filed no objections to the PSR before sentencing.

Nor does Rule 32 contain any language authorizing post-judgment amendment based on later-arising concerns about BOP classification or programming decisions. Courts within and outside this circuit apply the same rule. *See, e.g.*, *United States v. Gill*, No. 2:15-cr-0519, 2020 WL 3791908, at \*1–2 (D. Utah July 7, 2020) (dismissing post-sentencing request to delete PSR information affecting BOP classification because Rule 32 affords no jurisdiction after sentencing); *United States v. Cervantes*, No. 2:01-cr-1309 LH, 2011 WL 13285435, at \*2 (D.N.M. June 10, 2011) (same). These decisions reflect the view that Rule 32 is a sentencing-stage rule, not a post-judgment rule for altering PSR content. In short, Rule 32 does not provide a basis for jurisdiction to amend the PSR post-judgment.

**B.    Rule 35 and 28 U.S.C. § 2255**

Neither Rule 35 nor § 2255 authorizes the Court to amend a PSR after sentencing, because both provisions apply only to challenges to a sentence itself and do not permit post-judgment alteration of factual content in a PSR. Rule 35 permits a court to correct or reduce a sentence under narrow circumstances. Subsection (a) permits a court to correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after sentencing, while subsection (b) authorizes a sentence reduction based on substantial assistance, upon motion of the government and generally within one year of sentencing. *See* Fed. R. Crim. P. 35(a), (b). The rule does not authorize modification of a PSR, nor does it provide any mechanism for altering factual content in the PSR after judgment has been entered.

Critically, Bryant does not seek correction of his sentence, and his motion was filed more than three years after sentencing—well outside Rule 35's time limits. The United States argues that Rule 35 is inapplicable for these reasons, and the Court agrees. (*See* Doc. 55 at 3.) Courts addressing similar motions uniformly hold that Rule 35 cannot be used to amend a PSR or to

address collateral consequences arising from Bureau of Prisons classification decisions, particularly where—as here—the motion is filed well outside Rule 35's strict 14-day jurisdictional deadline. *See, e.g.*, *United States v. Horne*, No. 2:18-cr-0022, 2019 WL 5103112, at *2–3 (W.D. Pa. Oct. 11, 2019); *United States v. Gomez*, No. 1:14-cr-10297 IT, 2020 WL 1930471, at *2–3 (D. Mass. Apr. 21, 2020) (Rule 35 cannot be used to revise a PSR more than 14 days after sentencing, even where defendant alleges adverse BOP consequences).

Section 2255 likewise provides no jurisdictional basis for the relief Bryant seeks because it authorizes challenges only to the legality of a sentence, not to factual content in a PSR or to BOP classification decisions. *See United States v. Ballard*, 512 F. App'x 152, 153 (3d Cir. 2013). In *Ballard*, the Third Circuit found that the district court lacked jurisdiction under § 2255 where defendant sought only amendment of PSR to address BOP classification consequences. *See id.* The Eighth Circuit reached the same conclusion in *United States v. Leath*, where the defendant sought to correct allegedly erroneous PSR information because it affected his parole classification. *See* 711 F.2d 119, 120–21 (8th Cir. 1983).[1] The court held that such a request "is a challenge to the execution of the sentence rather than to the sentence itself," and therefore falls outside § 2255. *Id.* at 120 (citing *United States v. Fraser*, 688 F.2d 56, 58 (8th Cir. 1982)). That reasoning applies with equal force here: Bryant does not challenge the validity of his sentence; rather, he seeks to remove information from the PSR to influence Bureau of Prisons classification and program eligibility.

The Tenth Circuit has recognized a narrow category of § 2255 claims involving Rule

---

[1] As in *Leath*, the Court also lacks jurisdiction under 28 U.S.C. § 2241 because Bryant did not file his motion in the district of his confinement. *See Leath*, 711 F.2d at 120. "The case law is clear—a prisoner must seek judicial review of § 2241 claims in the district of his confinement[,]" which in this case is the Eastern District of Texas. *See United States v. Jaramillo*, No. 1:21-cr-065 WJ, 2024 WL 1935903, at *1 (D.N.M. May 2, 2024) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))

32(c)(3)(D) errors[2]—where the sentencing court failed to attach written findings resolving PSR objections—but that exception applies only when the alleged PSR error is connected to a sentencing error, rather than to post-sentencing prison conditions. *See United States v. Brumley*, 753 F. App'x 594, 598–99 (10th Cir. 2018) (discussing *United States v. Gattas*, 862 F.2d 1432 (10th Cir. 1988)). Bryant identifies no Rule 32(i)(3) violation, filed no objections to the PSR before sentencing, and does not allege that the challenged paragraph affected his guideline calculations or the sentence imposed.

Because Bryant does not challenge his sentence and identifies no sentencing-related error, neither Rule 35 nor § 2255 provides jurisdiction to amend the PSR. The Court therefore lacks jurisdiction under either Rule 35 or § 2255 to amend the PSR.

### C.    Rule 36

Rule 36 also does not authorize the Court to amend Bryant's PSR because the rule permits correction only of clerical errors, not substantive changes to factual content. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record arising from oversight or omission." Fed. R. Crim. P. 36.

Courts within the Tenth Circuit have already rejected attempts to use Rule 36 to amend a PSR for purposes of influencing Bureau of Prisons decisions. In *United States v. Cervantes*, the defendant sought to amend his PSR years after sentencing so that the BOP would admit him to a drug treatment program. *Cervantes*, 2011 WL 13285435, at *1. The court held that Rule 36 did not apply because the omission in the PSR was not a clerical error but the result of a strategic

---

[2] Former Fed. R. Crim. P 32(c)(3)(D) was renumbered as Rule 32(c)(1) in the 1994 amendments, when Rule 32 was substantially reorganized. *See* Fed. R. Crim. P. 32(c) advisory committee's note (1994). The provision was renumbered again in the 2002 amendment, and it now appears in Rule 32(i)(3). *See* Fed. R. Crim. P. 32(i)(3) advisory committee's note (2002).

choice, and the court thus lacked jurisdiction to amend the report. *See id.* at *2 (citing *United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir. 1997)).

This approach is consistent with Tenth Circuit precedent. The Tenth Circuit has repeatedly held that Rule 36 is limited to correcting clerical mistakes and does not permit substantive changes to a presentence report. *See United States v. Hayden*, 10 F. App'x 647, 650 (10th Cir. 2001); *see also United States v. Long*, 419 F. App'x 845, 848 (10th Cir. 2011) (Rule 36 cannot be used to challenge factual findings in a PSR).

Bryant does not identify any clerical mistake in the PSR. A clerical error under Rule 36 is one that fails to accurately record what the court or a party actually said or intended. *See Horne*, 2019 WL 5103112, at *1 (quoting *United States v. Bennett*, 423 F.3d 271, 277 n.4, 277–78 (3d Cir. 2005)). He instead seeks removal of a paragraph describing an unprosecuted allegation because he believes the Bureau of Prisons is relying on it to classify him and to restrict his access to programs. That request is substantive, not clerical. The United States argues that Rule 36 is inapplicable for this reason, and the Court agrees. (*See* Doc. 55 at 4.) Courts routinely reject attempts to use Rule 36 to revise PSR content for purposes of influencing BOP decisions. *See, e.g.*, *Horne*, 2019 WL 5103112, at *1–2 (denying request to delete PSR information where defendant argued the BOP was relying on it, because the request was substantive rather than clerical).

Accordingly, because Bryant seeks a substantive revision to the PSR that Rule 36 does not permit, the Court lacks jurisdiction to grant the requested relief under this rule.

## IV.   Conclusion

For all the foregoing reasons, the Court lacks jurisdiction to amend Bryant's PSR or to grant any other relief requested in his motion. The motion must be dismissed.

**IT IS THEREFORE ORDERED** that Bryant's Motion to Amend the Presentence Report

is **DISMISSED** for lack of jurisdiction.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE